**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**KIMOTHY WASHINGTON**                                                          **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.** 1:25cv226 LG-BWR

**MISSISSIPPI POWER COMPANY**                                                          **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Kimothy Washington, by and through counsel, Watson & Norris, PLLC, brings this action to recover damages for violations of his rights pursuant to Title VII of the Civil Rights Act of 1964 for race discrimination, and violation of his rights pursuant to 42 U.S.C. § 1981 for race discrimination against the Defendant, Mississippi Power Company. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.   Plaintiff, Kimothy Washington, is a male resident of Jackson County, Mississippi.

2.   Defendant, Mississippi Power Company, may be served with process by serving its registered agent, Fe Z Strickland, 2992 West Beach Blvd, Gulfport, Mississippi 39501-1805.

**JURISDICTION AND VENUE**

3.   This Court has federal question jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981.

4.   This Court has subject matter jurisdiction and venue is proper in this Court.

5.   Plaintiff filed a Charge of Discrimination with the EEOC on June 12, 2025,

a true and correct copy of which is attached as Exhibit "A." The EEOC issued a Notice of Right to Sue on June 16, 2025, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this action within ninety (90) days of receipt of his Notice of Right to Sue.

## STATEMENT OF FACTS

6. Plaintiff is a 41-year-old black male resident of Jackson County, Mississippi.

7. Plaintiff was hired on September 10, 2007, as an Auxiliary Operator at Mississippi Power Company (MPC).

8. On December 4, 2023, Plaintiff was involved in an altercation with his daughter's boyfriend while attempting to retrieve his daughter's car.

9. During the altercation, his daughter's boyfriend pulled a gun and attempted to shoot Plaintiff.

10. Plaintiff defended himself and shot the boyfriend in the shoulder.

11. On December 5, 2023, Plaintiff phoned Combined Cycle Manager Destin O'Brien to notify him about the altercation.

12. Plaintiff told Mr. O'Brien that he (Plaintiff) might possibly be arrested related to the incident but that he was cooperating and planned to turn himself in if necessary.

13. Plaintiff also notified Mr. O'Brien that he (Plaintiff) planned to dispute the charges.

14. At that point, MPC sent out company-wide emails announcing that Plaintiff was not permitted to return to the MPC property until further notice.

15. On December 6, 2023, Plaintiff was charged with aggravated assault use of a deadly weapon.

16. On or around March 7, 2024, MPC contacted Plaintiff and gave him the option either to resign or to go on leave.

17. MPC indicated that if Plaintiff's case was dismissed or he was found not guilty, he would be allowed to return to work if he could pass a drug and physical abilities test.

18. Both Mr. O'Brien and Human Resources personnel stated that Plaintiff could be on leave for up to two years, and that if he was allowed to return to work, he would be allowed to retain his same position, pay, and seniority.

19. During this time, Plaintiff consistently communicated to Mr. O'Brien and Supervisor Terry Godbolt to keep them updated on developments with his case.

20. On February 24, 2024, Plaintiff was pulled over and charged with drinking under the influence.

21. Plaintiff contends he had not been drinking, and he disputed this arrest.

22. On February 25, 2024, Plaintiff reported this charge to Mr. O'Brien and told him that he planned to dispute the DUI charge.

23. During June 2024, the charge of aggravated assault against Plaintiff was dismissed.

24. During September 2024, Plaintiff reached out to MPC in the hopes of returning to work.

25. Plaintiff was notified, however, by Corporate Security Michael Brumley and Mr. Godbolt that his background check was flagged with the message, "pending grand jury".

26. Mr. Brumley told Plaintiff that he could not return to work until that flag was

cleared.

27.     Plaintiff learned from his lawyer that it would take several months to clear it from his background check.

28.     Plaintiff communicated this to Mr. Godbolt.

29.     On February 18, 2025, Plaintiff received the No True Bill notification, and his background status was fully cleared.

30.     On February 19, 2025, the DUI charge from February 24, 2024 was dismissed.

31.     On February 19, 2025, Plaintiff reached out to Mr. Brumley and Mr. Godbolt to notify them that his background status had been fully cleared.

32.     At that time, Mr. Brumley asked Plaintiff about the DUI charge from February 2024.

33.     Plaintiff responded by sending Mr. Brumley documentation verifying that the DUI charge had been dismissed.

34.     For the next three weeks, at the direction of Mr. Brumley, Plaintiff repeatedly reached out MPC Human Resources Representative Jamie King in the hope of being allowed to return to work.

35.     At one point, Ms. King finally answered and said she'd been sick.

36.     She stated she would review his file and reach back to Plaintiff soon.

37.     Days later, however, Plaintiff learned from Mr. Godbolt that Ms. King was out on vacation for Mardi Gras.

38.     On March 12, 2025, Human Resources Business Partner Justin Hogsett phoned Plaintiff and informed him that he would not be allowed to return to work at MPC.

39. Mr. Hogsett alleged three reasons for this decision: first, Mr. Hogsett stated that as of March 8, 2025, Plaintiff had been on leave for a year (i.e., technically it had been about a year and three months). Plaintiff contends that he had previously been told by Mr. O'Brien he could be on leave for as much as two years; moreover, Plaintiff contends he had been reaching out to return to work for three weeks prior to this phone call. Secondly, Mr. Hogsett alleged that Plaintiff had not been keeping MPC updated on his legal situation. Plaintiff adamantly denies this; he had consistently updated Mr. O'Brien, Mr. Godbolt, and Mr. Brumley. Thirdly, Mr. Hogsett alleged, "Even though your case was dismissed and closed, we still have some concerns about your arrest".

40. Plaintiff is aware that on or around December 27, 2024, Assistant Operator Josh Quinnelly (white male) was charged with a felony arrest of malicious mischief.

41. Despite being arrested for this charge, Mr. Quinnelly was allowed to return to work only days after his arrest.

42. Mr. Quinnelly remains employed at MPC and currently wears an ankle monitor.

43. Plaintiff contends that whereas he was not allowed to return to work after having his legal charges fully dismissed, this similarly situated white male was allowed to return to work even though he was charged with a felony charge.

44. On or around June 12, 2025, Plaintiff filed an EEOC Charge of race discrimination against MPC.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF TITLE VII - RACE DISCRIMINATION

45. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1

through 44 above as if fully incorporated herein.

46. Defendant has discriminated against Plaintiff because of his race based on the facts identified above which constitutes a violation of Title VII.

47. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep humiliation, axiety and emotional distress.

48. The unlawful actions of Defendant complained of above were intentional malicious, and taken in reckless disregard of the statutory rights of Plaintiff, thus giving rise to both compensatory and puntive damages pursuant to Title VII.

### COUNT II:  VIOLATION OF 42 U.S.C. § 1981 - RACE DISCRIMINATION

49. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 48 above as if fully incorporated herein.

50. The Defendant has discriminated against Plaintiff because of his race based on the facts identified above and is a violation of 42 U.S.C. § 1981.

51. Plaintiff has suffered lost wages, benefits and other pecuniary losses as well as deep, humiliation, anxiety and emotional distress.

52. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;

    5.    Attorney's fees;
    6.    Lost benefits;
    7.    Pre-judgment and post-judgment interest;
    8.    Costs and expenses; and
    9.    Such further relief as is deemed just and proper.

THIS the 17th day of July 2025.

                              Respectfully submitted,

                              Kimothy Washington, Plaintiff

                           By: /s/Nick Norris
                              Nick Norris (MB# 101574)
                              Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive #365
Flowood, MS 39232
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: nick@watsonnorris.com